UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

Plaintiff

v.

Barbara Trickle,

Defendant

Case No. 2:23-cr-00015-CDS-MDC

**Order Granting in Part Defendant Barbara Trickle's First Motion to Extend Time to Self-Surrender**

[ECF No. 110]

Defendant Barbara Trickle moves to extend her self-surrender deadline from September 4, 2026, to at least December 4, 2026. Mot., ECF No. 110. In sum, Trickle argues that the delay is needed to address her and her husband's declining health. *See id.* The government opposes the motion. Opp'n, ECF No. 111. The motion is fully briefed. Reply, ECF No. 112. For the reasons stated herein, the motion is granted in part.

## I. Discussion

Trickle pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 on April 28, 2025. *See* Mins. of procs., ECF No. 85; Plea agreement, ECF No. 84. After several continuances,[1] Trickle was sentenced to 18 months in custody, followed by six months of supervised release. *See* J., ECF No. 108. Trickle was ordered to self-surrender to her designated Bureau of Prisons facility by 12:00 p.m. on September 4, 2026. Mins. of procs., ECF No. 107. Trickle now moves to delay her self-surrender date to at least December 4, 2026. *See* ECF No. 110. In the alterative, Trickle asks this court to enter an amended judgment recommending home confinement or some other non-custodial placement. ECF No. 112 at 3.

[1] *See* ECF Nos. 89, 92, 97, 100.

The court has jurisdiction to resolve—and, if warranted, grant—Trickle's motion to extend time to self-surrender. *See United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022) ("If the circumstances warrant, a district court may delay the imposition of sentence or extend the time to surrender to the BOP . . . ." ). However, the court does not have jurisdiction to amend Trickle's judgment of conviction.[2] A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *See* 18 U.S.C. § 3582(b)–(c); *see also Dillon v. United States*, 560 U.S. 817, 824–28 (2010) (discussing 18 U.S.C. § 3582(c)(2)'s exception to the general rule that a judgment of conviction that includes a sentence of imprisonment is final). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Bureau of Prisons (BOP) Director or defendant under 18 U.S.C § 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; and (3) when the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Trickle does not cite any authority that would trigger application of any of these circumstances, so her request to modify her sentence is denied.

I therefore turn to Trickle's request to delay her self-surrender date. As set forth her in her motion, Trickle asserts that the delay is necessary to address her and her husband's declining health through a series of upcoming medical appointments. *See* ECF Nos. 110, 112. In opposition, the government argues that the motion should be denied because the court already took Trickle's health and age concerns into account when it sentenced her to a sentence well below the guidelines. *See* ECF No. 111 at 4. It further argues that her health conditions are not life-threatening and that permitting Trickle to delay her sentence because of ongoing medical appointments would "undermine the goals of sentencing" and "would be an injustice" to her victims, many of whom it asserts "were older and in worse health than [Trickle] is now." *Id.*

---

[2] The court notes that Trickle did not seek this relief in her motion but only raised it in her reply. This is improper as it deprived the government an opportunity to respond. In the interests of justice, the court nonetheless addresses the request.

The court shares the government's concern that, if Trickle's motion is granted, she could essentially delay her sentencing in perpetuity due her and her husband's declining health. Indeed, as recognized in her reply, Trickle and her husband will require follow-up testing, consultations, and possibly additional procedures. ECF No. 112 at 2. While nothing in Trickle's motion demonstrates exceptional circumstances requiring a delay, on balance, based on her age and her medical issues, the court finds that a short delay is reasonable. A short delay will allow Trickle to undergo some additional testing and treatment before commencing her custodial sentence. *See United States v. Gregory*, 2021 WL 1978630, at *4 (D. Kan. May 18, 2021) (granting motion to delay self-surrender to defendant with ankylosing spondylitis, which affects the immune system, to allow him additional time to receive a "a specific sequence of vaccines and immunosuppressant treatment"); *United States v. Aldridge*, 2021 WL 1720900,at *1 (E.D. Mich. May 1, 2021) (granting motion to delay self-surrender for 77-year-old defendant suffering from numerous health conditions due to risk of Covid-19 infection). So Trickle's motion is granted in part. Her new self-surrender date is October 23, 2026, at 12:00 p.m. Absent an emergency or exceptional circumstances, no further requests to delay self-surrender will be granted.

## II. Conclusion

IT IS HEREBY ORDERED that defendant Barbara Trickle's motion to extend time to self-surrender **[ECF No. 110] is GRANTED in part.**

IT IS FURTHER ORDERED that Trickle must report to her designated facility by 12:00 p.m. on October 23, 2026.

Dated: September 1, 2026



Cristina D. Silva
United States District Judge